The Honorable Don McSpadden Prosecuting Attorney Sixteenth Judicial District P.O. Box 2051 Batesville, Arkansas 72503
Dear Mr. McSpadden:
I am writing in response to your request for an opinion on the payment of salaries to part-time deputy prosecutors. Specifically, you note that Act 1044 of 1999 provides that deputy prosecuting attorneys shall become state employees (as opposed to county employees) on January 1, 2000. See
Acts 1999, Section 11. The same act establishes a number of deputy prosecuting attorney positions at various salaries and grades. Id. at § 1. You note that in the Sixteenth Judicial District, which includes Cleburne, Independence, Stone, Izard, and Fulton Counties, there are six deputy positions, all of which are part-time positions. Two of these positions are paid under Act 1044, Section 1, Item 6, which authorizes, for the current biennium, 58 part-time deputy prosecuting attorney positions at a maximum salary of $39,431 each. You note that the Sixteenth Judicial District has one person filling these two part-time positions. One person serves as the Municipal and Juvenile Court Deputy Prosecuting Attorney for Izard County and also as the Municipal and Juvenile Court Deputy Prosecuting Attorney for Independence County. She is not paid the maximum salary for each position, but is compensated at the rate of $31,034.00 for the Independence County position, and at the rate of $27,352.00 for the Izard County position. You note that she is currently serving in these two positions and has been compensated in 1999 by the respective counties.
Your question is whether this set of facts is legal now that this dual part-time deputy prosecutor is classified as a state employee. The issue has arisen, you note, because the State Auditor's office (the state office responsible for processing the payment of the salaries in question)[1] is concerned that the dual payment of salaries in this manner may run afoul of Arkansas statutes.
RESPONSE
It is my opinion that the answer to the question you raise is not entirely clear under current law. There is little historical precedent and consequently scarce legal precedent on the payment of salaries to "part-time" state employees under the facts you recite. In my opinion, however, the various statutes cited by the State Auditor do not expressly prevent the dual payment of the salaries in question. A constitutional provision and additional statutes, not cited by the State Auditor, are also of relevance, and shed some light on the issue, but in my opinion do not clearly prohibit the conduct in question.
The State Auditor, you note, cites the following statutory provisions as prohibitions against the dual payment of the salaries in question:
A.C.A. § 19-4-1601 (b)(2)
 For any position authorized by the General Assembly for the benefit of any agency or program for which a maximum annual salary is set out in dollars, it is the intent of the General Assembly that the position is to be paid at a rate of pay not to exceed the maximum established for the position during any one (1) fiscal year.
 A.C.A. § 19-4-1601 (b)(3)(C)
 No employee authorized by the General Assembly shall receive from appropriated or cash funds, either from state, federal, or other sources, compensation in an amount greater than that established by the General Assembly as the maximum annual salary for the employee unless specific provisions are made therefor by law.
 A.C.A. § 21-5-209(b)
 No employee shall be paid at a rate of pay higher than the appropriate rate in the grade assigned to his class, and no employee shall be paid more than the maximum for his grade, provided that employees presently employed in a position who are being paid at a rate in excess of the maximum for their assigned grade may continue to receive their rate of pay.
Your position is that the first two statutes are inapplicable because the employee in question will not be exceeding the maximum annual salary for either position. She is, you note, simply serving in two separate part-time positions. With respect to the third statute cited above, your position is that this statute (A.C.A. § 21-5-209 (b)), is inapplicable because the positions in question are not "graded" positions subject to the "Uniform Compensation and Classification Act" (of which § 21-5-209 is a part). The positions in question have salaries set out in dollars, and are therefore exempt, you note, from the statute in question.
In my opinion, several other provisions of law, not cited by the State Auditor, are relevant to the question. One is a constitutional provision, and the remainder are statutory provisions, as follows:
Arkansas Constitution, art. 16, § 4
 The General Assembly shall fix the salaries and fees of all officers in the State, and no greater salary or fee than that fixed by law shall be paid to any officer, employee or other person, or at any rate other than par value; and the number and salaries of the clerks and employees of the different departments of the State shall be fixed by law.
 A.C.A. § 19-4-1604
 (a) Except as provided in subsection (b) of this section, no person drawing a salary or other compensation from one (1) state agency shall be paid salary or compensation, other than actual expenses, from any other agency except upon written certification to and approval by the Chief Fiscal Officer of the State and by the head of each agency, stating that:
 (1) The work performed for the other agency does not interfere with the proper and required performance of the person's duties; and
 (2) The combined salary payments from the agencies do not exceed the larger maximum annual salary of the line-item position authorized for either agency from which the employee is being paid.
 (b) This section does not prohibit state employees from contracting to temporarily teach as adjunct faculty at a state-supported institution of higher education and thereby receive combined salary payments from the two (2) agencies in excess of the larger maximum annual salary of the line item position authorized from either agency.
 A.C.A. § 19-4-521 Personal services
 This classification shall be for regular full-time, part-time,
extra-help employees, employer matching costs, employer special or extra compensation, overtime earnings, and other employee benefits that are legally authorized.
* * *
 (2) EXTRA HELP. This subclassification shall be used for payment of all salaries and compensation of part-time or temporary employees, as authorized by law, who are employed one thousand hours per year or less. This subclassification may be used to pay part-time or temporary employees who are employed for more than one thousand (1,000) hours per year if specific authorization is provided by law and if such use is within standards established by the Director of the Department of Finance and Administration. In no case shall any extra-help funds be used for the purposes of paying additional compensation to a full-time state employee. A "state employee" is defined as any employee occupying a regular salaried position for a state agency, board, commission, department, or institution of higher education. [Emphasis added.]
 Act 1044, Section 12 (A.C.A. § 16-21-158 (Supp. 1999)
 There are no upper limit restrictions on the number of hours which a part-time deputy prosecuting attorney may work.
 A.C.A. § 19-4-1607
 (a)(1) Except for those state agencies which operate principally on a scholastic year, or on a part-time basis, or where such salaries or personal services are specifically established for a period less than one (1) year, all salaries established by the General Assembly shall be considered to be a maximum amount to be paid for a twelve-month payroll period. No greater amount than that established for the maximum annual salary of any state official or employee shall be paid to such employee during any such twelve-month payroll period; nor shall more than one-twelfth (1/12) of such annual salary be paid to any such employee during any calendar month unless authorized in this subchapter. [Emphasis added.]
 A.C.A. § 19-4-1608
 In the event an appropriation is made for the payment of personal services, where it has been established by law on the basis of a scholastic year or for some other period less than twelve (12) months, then any person so employed may be paid from bank funds for the remainder of the year if his services are required by the state agency.
You state that in your opinion, the three provisions of law cited by the State Auditor do not stand as prohibitions against the facts you recite. I am in general agreement with this conclusion. The first statute cited by the Auditor provides, for any position for which a maximum amount is set out in dollars, that the position is to be paid at a rate of pay not to exceed the maximum established for the position. A.C.A. § 19-4-1601
(b)(2). Under the scenario you describe, the employee in question will not be receiving more than the rate of pay established for either part-time position. This statute does not, therefore, speak squarely against the facts you describe. The second provision cited by the State Auditor (A.C.A. § 19-4-1601 (b)(3)(C)), prohibits any employee authorized by the General Assembly from receiving from appropriated or cash funds, compensation in an amount greater than that established by the General Assembly as the maximum annual salary of the employee. Although on its face, this statute might appear to stand as a prohibition, it does not speak squarely against the holding of two separate part-time positions, where the amount received for each position does not exceed the respective line-item maximums. Finally, the last statute cited by the Auditor is in my opinion inapplicable in this particular instance. As you note, A.C.A. § 21-5-209 (b) (a part of the Uniform Classification and Compensation Act), does not apply to positions for which a maximum salary is set out in dollars. See A.C.A. § 21-5-203 (6) (Supp. 1999) (defining" employee.") See also, Act 1044, Section 1 (any position to which a specific maximum amount is set out herein in dollars shall be exempt from the Uniform Classification and Compensation Act). The particular part-time deputy prosecutor referenced in your question is occupying two separate line items for which maximums are set out in dollars. The Uniform Compensation and Classified Act does not, therefore, apply to her positions.
In my opinion, similarly, the other relevant provisions of law do not squarely prohibit the action you suggest, although one is cause for concern. The relevant constitutional provision, art. 16, § 4 (from which some of the statutes cited above flow), provides that no greater salary or fee than that fixed by law shall be paid to any officer or employee or at any rate other than "par value." The two positions at issue are both "fixed by law" and the employee in question is not receiving a greater salary than is authorized for either part-time position.
The most relevant statute, in my opinion, is A.C.A. § 19-4-1604, which governs what is commonly referred to as "concurrent employment." This statute prohibits a person drawing a salary from one state agency from being paid a salary from any other agency except upon approval by the Chief Fiscal Officer stating that the work performed does not interfere with the proper performance of the person's duties, and the combined payments do not exceed the larger line-item maximum of the two positions. As an initial matter, this statute prohibits the receipt of compensation from another state agency. Under the facts you recite, the employee in question will not be receiving salaries from two separate state agencies, but will be receiving two part-time salaries from the same agency. As a technical matter, therefore, the language of this statute is inapplicable to the facts you describe. Cf. Op. Att'y Gen. 97-275. The rational for prohibiting such dual receipt of compensation may be as great or greater when the same state agency is at issue, but the plain language of the statute simply does not address this fact pattern. Additionally, the statute above does not appear to address or contemplate the holding of two part-time positions. Although this statute, in my opinion, causes some concern under the facts you describe, I cannot state that it stands as a flat prohibition against the receipt of salary for the performance of two separate part-time positions within the same agency.
The remaining statutes cited above address part-time state employment. Section 19-4-521 mentions and contemplates part-time employees and states that is such employees are employed for one thousand hours a year or less, they shall be paid from the subclassification entitled" extra help." Obviously, the part-time deputy prosecutors in question will not work less than one thousand hours a year. There is no upper limit on the number of hours they may work (Act 1044, Section 12) and they are not compensated under the "extra help" subclassification. The two remaining statutes, A.C.A. §§ 19-4-1607 and 1608, do not squarely fit the facts you describe but are somewhat instructive on the question posed. The first statute excludes agencies that operate on a "part-time" basis from the prohibition against the employee being paid more than the amount established as the maximum annual salary. The second statute, however, indicates that if the employee is employed for a period of less than twelve months, he or she may be paid from "bank funds" for the remainder of the year if his or her services are required. The agency and the employee you describe do not squarely fit within these statutes. The prosecuting attorney's office does not operate on a part-time basis, and the employee in question is not employed for a period of less than twelve months. The first statute, however, is some indication that for employees who are not compensated on a full-time basis, the maximum annual salary prohibition may not apply as stringently. The second statute, however, appears to restrict any supplemental payments to "bank funds" as opposed to regularly appropriated tax dollars.
The concept of part-time state employment, particularly where the position is set out in dollars as a line-item maximum and the employee is a professional required to work any number of hours it takes to get the job done, is not well developed under state law. In my experience, a part-time position whether classified and graded or with an annual salary set out in dollars is a novel concept in terms of state fiscal laws. Typically, such persons would serve in a "job sharing" arrangement, where two different persons split a single regular full-time salary position.See A.C.A. § 21-5-203 (19)(A). As a consequence of this novelty, the state statutes adopted to ensure fiscal responsibility do not squarely address the issue. While the facts you describe do not, therefore, fall squarely within any of the legal prohibitions cited above, the lack of regulation or fiscal controls in such situations points up the need for legislative clarification.
It may well be true that with regard to some part-time positions, one person could adequately and competently perform the duties of two such positions simultaneously. In other instances, the performance of more than one such part-time position may be a physical impossibility. It is my opinion that such considerations fall within the province of the prosecuting attorney.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] See A.C.A. § 19-4-402(2).